Ashot HARUTYUNYAN, Petitioners,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71552.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashot Harutyunyan, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Luis E. Perez, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Ashot Harutyunyan, a native and citizen of Armenia, petitions pro se for review of the decision of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and grant the petition for review.[1]

Substantial evidence does not support the IJ's conclusion that Harutyunyan's credible evidence did not establish that he was persecuted "on account of" his political opinion. Harutyunyan's evidence demonstrates that Armenian government officials were motivated to harm him at least in part by Harutyunyan's political opposition to corruption. *See Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000). The IJ's finding that Harutyunyan was harmed due to his failure to perform his duties as a government officer is not supported by substantial evidence. *See He v. Ashcroft*, 328 F.3d 593, 603 (9th Cir.2003). Therefore, Harutyunyan met his burden of proving that he suffered past persecution on account of his political opinion and was entitled to a presumption of a well-founded fear of future persecution. *See Gafoor v. INS*, 231 F.3d 645, 650–51 (9th Cir.2000).

Contrary to the IJ's findings, there is evidence that agents of the National Security Administration may still seek to harm Harutyunyan, given their recent searches of his home. There is also evidence of torture given the severe physical and mental harm Harutyunyan suffered. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

We remand this matter to the BIA for further proceedings to determine whether Harutyunyan is eligible for asylum, withholding of removal, or relief under the Convention, accepting that Harutyunyan suffered past persecution and is entitled to a presumption of a well-founded fear of future persecution, and in light of our conclusion that he presented evidence of torture. *See INS v. Ventura*, 537 U.S. 12,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We note that Varduhi Amirkhanyan's motion, A79–569–299, is pending at the BIA and the BIA may wish to consider that motion along with the remand of her husband's petition.

16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**